NATALE & WOLINETZ
Peter K. Rydel
116 Oak Street
Glastonbury, CT  06033
Telephone:  860-430-1802
*Attorneys for Ferrex Engineering Ltd.*
*In its Capacity as Debtor and*
*Foreign Representative*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

---

In re:                                                    Chapter 15

FERREX ENGINEERING LTD.                                   Case No.: 20-

        Debtor in a Foreign Proceeding.

---

**VERIFIED CHAPTER 15 PETITION FOR**
**RECOGNITION OF FOREIGN MAIN PROCEEDING AND RELATED RELIEF**

        Ferrex Engineering Ltd. (the "Debtor") is the debtor and authorized foreign

representative in a proceeding under Section 50.4(1) of the *Bankruptcy and Insolvency Act* of

Canada (the "BIA"), pending before Industry Canada – Office of the Superintendent of

Bankruptcy Canada (the "OSB") for the District of Ontario in Court and Estate number 31-

2636073 (the "Canadian Proceeding").  The Debtor is authorized to serve as foreign

representative as defined by section 101(24) of title 11 of the United States Code (the

"Bankruptcy Code") pursuant to a Resolution of the Sole Director of Ferrex Engineering Ltd.

(the "Resolution") and by virtue of the fact that it is authorized in the Canadian Proceeding to

administer  a reorganization or liquidation of its assets and undertaking.

        On April 20, 2020, the Debtor commenced this Chapter 15 case (the "Chapter 15 Case")

by filing, pursuant to sections 1504 and 1515 of the Bankruptcy Code:  (a) this *Verified Chapter*

*15 Petition for Recognition of Foreign Main Proceeding and Related Relief* (the "Verified Petition"); (b) Official Form 401 (*Chapter 15 Petition for Recognition of a Foreign Proceeding*); (c) *Application for an Order (I) Scheduling Recognition Hearing* (the "Recognition Hearing"); *(II) Specifying Deadline for Filing Objections*; *and (III) Specifying Form and Manner of Notice* (the "Notice Application"); and (d) an *Ex Parte Application for Temporary Restraining Order and Relief Pursuant to Sections 1519 and 105(A) of the Bankruptcy Code* (the "Application for Provisional Relief" and, together with the Verified Petition and Notice Application, the "First Day Papers").

In support of the First Day Papers, the Debtor has also filed a memorandum of law (the "Memorandum of Law"), a Declaration of Tom Clarkson (the "Clarkson Declaration") and a Declaration of Sheldon Title (the "Title Declaration").

## PRELIMINARY STATEMENT

1.      By this Verified Petition, the Debtor seeks:  (a) recognition of the Canadian Proceeding as a foreign main proceeding pursuant to sections 1515, 1517 and 1520 of chapter 15 of the Bankruptcy Code; (b) recognition of the Debtor as the foreign representative, as defined in section 101(24) of the Bankruptcy Code; (c) recognition and enforcement of the Certificate of Filing of a Notice of Intention to Make a Proposal Subsection 50.4(1) (the "Certificate of NOI"), and of the Canadian stay of proceedings under subsection 69(1) of the BIA (the "Canadian Stay"), in the United States arising from the Debtor's filing of a Notice of Intention to Make a Proposal Subsection 50.4(1) (the "NOI"); (d) provisional relief in the form of a temporary restraining order and/or interim stay pursuant to Bankruptcy Code section 1519(a)(1) against all proceedings against the Debtor;[1] (e) the extension of any such provisional relief granted under

---

[1] The Debtor has separately filed an *Ex Parte* Application for Temporary Restraining Order and Relief Pursuant to Sections 1519 and 105(A) of the Bankruptcy Code.

Bankruptcy Code section 1519(a)(1) pursuant to Bankruptcy Code section 1521(a)(6); (f) all

relief that may be afforded foreign main proceedings pursuant to Bankruptcy Code sections 1507

and 1521; and (g) such other and further relief as is appropriate under the circumstances pursuant

to Bankruptcy Code sections 105(a) and 1507.

2.     The Debtor seeks recognition of the Canadian Proceeding and related relief from

this Court to protect the Debtor's assets so that it and its proposal trustee in the Canadian

Proceeding, MNP, Ltd. ("MNP") can: (a) conduct an orderly sale of its assets under the

supervision of the OSB and the Canadian court; and (b) otherwise maximize the value of the

Debtor's estate for the benefit of all creditors and other parties in interest.

3.     A certified copy of the Certificate of NOI, confirming the existence of the

Canadian Proceeding and acknowledging MNP's appointment as the Debtor's proposal trustee,

is attached hereto as **Exhibit A** at 6, in accordance with section 1515(b) of the Bankruptcy Code.

Also in accordance with section 1515(b) of the Bankruptcy Code, a copy of the Resolution

authorizing the Debtor to act as foreign representative in this Chapter 15 Case is attached hereto

as **Exhibit B**.  A Statement Identifying Foreign Main Proceedings is attached hereto as **Exhibit

C**, in accordance with section 1515(c) of the Bankruptcy Code.  Pursuant to Rule 1007(a)(4) of

the Federal Rules of Bankruptcy Procedure (the "Rules" or individually, a "Rule"), a corporate

ownership statement containing the information described in Rule 7007.1 is attached hereto as

**Exhibit D.**  Also pursuant to Rule 1007(a)(4), a list containing the names and addresses of all

persons or bodies authorized to administer foreign proceedings of the Debtor, and all parties to

litigation pending in the United States in which the Debtor is a party at the time of the filing of

this Verified Petition, is attached hereto as **Exhibit E**.

4.      Based on the foregoing and for the reasons described herein, the Debtor submits it

has satisfied the requirements for an order granting recognition of the Canadian Proceeding

under Chapter 15 of the Bankruptcy Code.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334 and section 1501 of the Bankruptcy Code.  This is a core proceeding pursuant to 28 U.S.C.

§ 157(b)(2)(P).

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1410(a)(2) because an

action against the Debtor is pending in the United States District Court for the Northern District

of New York. See Micro Fines Recycling Owego, LLC v. Ferrex Engineering Ltd., et al., Case

No. 17-cv-01315-LEK-ML (U.S. Dist. Ct. N.D.N.Y.) (the "Micro Fines Litigation").

7.      The statutory predicates for the relief requested herein are sections 105(a), 1504,

1507, 1515, 1517, 1520 and 1521 of the Bankruptcy Code.

## BACKGROUND

**I.      The Debtor's Center of Main Interests & U.S. Property**

8.      As more fully discussed in the Clarkson Declaration, the Debtor is a Canadian

limited company with its principal, registered and sole, place of business at 230 Westney Road,

Suite 230, Ajax, Ontario, Canada.

9.      Accordingly, the Debtor submits that, pursuant to section 1516(c) of the

Bankruptcy Code, the Debtor is entitled to the presumption that its center of main interests is

Canada.

10.      The Debtor is represented in this proceeding by Peter K. Rydel of the law firm

Natale & Wolinetz (the "Firm"), located in Glastonbury, Connecticut.  The Firm maintains a

client funds account with Peoples United Bank, which has branches in Connecticut and New

York.

11.    The Firm is presently holding in its client funds account an undrawn retainer

provided by the Debtor in the amount of $4,980.00 (the "retainer").

12.    The retainer constitutes property of the Debtor within the United States for

purposes of 11 U.S.C. § 109(a).

**II.    The Micro Fines Litigation**

13.    In May 2016, the Debtor sold certain industrial equipment to SGM Magnetics

Corporation ("SGM").  According to the Amended Complaint filed by plaintiff Micro Fines

Recycling Owego, LLC ("Micro Fines") in the Micro Fines Litigation, SGM is Micro Fines'

parent company, and purchased the equipment on Micro Fines' behalf.

14.    In December 2017, Micro Fines commenced an action against the Debtor in the

U.S. District Court for the Northern District of New York (referred to herein as the Micro Fines

Litigation).  (See Micro Fines Litigation, Dkt. No. 1).[2]   In its Amended Complaint, Micro Fines

sought, *inter alia*, rescission of the contract underlying the Debtor's sale of the equipment, and

asserted claims for breach of express and implied warranty.  (See id.).

15.    By the time Micro Fines commenced the Micro Fines Litigation, the Debtor had

been financially distressed for several years.  It had not paid dividends since 2013, had not paid

any salary to its president, Tom Clarkson, since 2015 and owed its secured creditor more than

$600,000 in documented loans it had made to the Debtor to support the Debtor's operations.

---

[2] Rather than burden the Court with additional exhibits, the Debtor respectfully refers the Court to the Micro Fines
Litigation docket, which the Debtor assumes the Court can access electronically.

16.      On or about June 6, 2018, Micro Fines requested that the Clerk of the Court for the Northern District of New York enter default against the Debtor for failure to appear in the Micro Fines Litigation.  (See id., Dkt. No. 20).

17.      On June 7, 2018, the Clerk of the Court made an Entry of Default against the Debtor.  (See id., Dkt. No. 22).

18.      On or about August 15, 2019, Micro Fines filed a Motion for Entry of Default Judgment Pursuant to Fed. R. Civ. P. 55(b)(2) ("Motion for Judgment").  (See id., Dkt. No. 58).

19.      On February 24, 2020, the District Court for the Northern District of New York entered Judgment (the "New York Judgment") against the  Debtor and in favor of Micro Fines pursuant to a Memorandum-Decision and Order that granted in part, and denied in part, Micro Fines' Motion for Judgment.  (See id., Dkt. Nos. 82 & 83).  The District Court granted Micro Fines' Motion for Judgment, and entered judgment in favor of Micro Fines against the Debtor in the amount of $538,874.39.  (See id., Dkt. No. 83).  The District Court denied Micro Fines' Motion for Judgment seeking an additional $40,000 in alleged damages, but afforded Micro Fines 30 days to file a motion to amend the judgment to include adequate documentation for such additional alleged damages.  (See id., Dkt. No. 82).[3]

20.      On March 10, 2020, Micro Fines filed (a) a *Notice Motion* and (b) a *Memorandum in Support of Motion for Writ of Execution and Turnover Order Directing Defendant Ferrex Engineering, Ltd. to Bring Its Out-of-State Personal Property Into New York to Satisfy Micro Fines' Judgment* (collectively referred to herein as the "Enforcement Motion").  (See Clarkson Declaration, Exhibit A).  Micro Fines' Enforcement Motion seeks, *inter alia*, an order directing the Debtor to bring into the State of New York funds held in the Debtor's Canadian bank

---

[3] As of the filing of this Verified Petition, Micro Fines has filed a motion seeking to increase the amount of the New York Judgment by $40,000.  The return date of Micro Fines' motion is May 1, 2020.

accounts so that Micro Fines and/or the District Court may attach them for purposes of satisfying

the New York Judgment.  (See Clarkson Declaration, Exhibit A).

21.     The return date of Micro Fines' Enforcement Motion is April 17, 2020.  (See

Micro Fines Litigation, Dkt. No. 88; Clarkson Declaration, ¶ 20).

### III.    The Canadian Proceeding

22.     On April 2, 2020, MNP commenced an insolvency proceeding in Canada on the

Debtor's behalf by filing a Notice of Intention to Make a Proposal pursuant to subsection 50.4(1)

of the BIA (defined above as the "NOI") with the OSB.  See **Exhibit A** hereto, at 2.

23.     The Debtor filed the NOI for the ultimate purpose of maximizing the sale of the

Debtor's assets.

24.     On April 2, 2020, the OSB issued a Certificate of Filing of a Notice of Intention

to Make a Proposal Subsection 50.4(1) (defined above as the "Certificate of NOI"), which,

pursuant to subsection 69(1) of the BIA, stayed all proceedings against the Debtor (defined

above as the "Canadian Stay").  The Certificate of NOI also authorized MNP to serve as the

Debtor's proposal trustee in the Canadian Proceeding.  See **Exhibit A** hereto, at 6.

25.     The Debtor, in its capacity as foreign representative, has been advised by counsel

of the definition of "foreign proceeding" under Bankruptcy Code § 101(23).  To the best of the

Debtor's knowledge, the Debtor is not aware of any other "foreign proceeding" within the

meaning of Bankruptcy Code § 101(23) with respect to the Debtor.

26.     Micro Fines' efforts seeking to enforce the New York Judgment (including the

prosecution of its Enforcement Motion), if allowed to continue, will cause immediate and

irreparable loss and harm to the Debtor's Canadian Proceeding and its efforts to sell its assets.

Case 20-10638-1    Doc 2    Filed 04/20/20    Entered 04/20/20 18:19:45    Desc Main
Document    Page 8 of 12

### IV.    Debtor Resolution Regarding Chapter 15 Case

27.    On April 16, 2020, the Debtor issued a Resolution of the Sole Director of Ferrex Engineering Ltd. (the "Resolution"), a copy of which is attached hereto as **Exhibit B**.  The Resolution:  (a) authorized the Debtor to seek recognition of the Canadian Proceeding as a foreign main proceeding under Chapter 15 of the Bankruptcy Code as well as to seek all relief sought in the Verified Petition; (b) authorized the Debtor to serve as foreign representative in this Chapter 15 Case; and (c) authorized me to execute and deliver any and all necessary documentation on behalf of the Corporation, in its capacity as the petitioner and foreign representative, in this Chapter 15 Case.

### RELIEF SOUGHT

28. By this Verified Petition, the Debtor seeks the following relief:

   a. recognition of the Canadian Proceeding as a foreign main proceeding pursuant to Bankruptcy Code §§ 1515, 1517 and 1520;

   b. recognition of the Debtor as foreign representative on a final basis (as defined in Bankruptcy Code § 101(24));

   c. recognition and enforcement of the Certificate of Filing of a Notice of Intention to Make a Proposal Subsection 50.4(1) and of the Canadian Stay under subsection 69(1) of the BIA in the United States on a final basis;

   d. provisional relief in the form of a temporary restraining order and/or interim stay pursuant to Bankruptcy Code § 1519(a)(1) against all proceedings against the Debtor, including but not limited to Micro Fines' efforts to execute on the New York Judgment and its prosecution of the Enforcement Motion; [4]

   e. the extension of any such provisional relief granted under Bankruptcy Code § 1519(a)(1) pursuant to Bankruptcy Code § 1521(a)(6);

   f. all relief that may be afforded foreign main proceedings pursuant to Bankruptcy Code §§ 1507 and 1521; and

---

[4] As noted above, the Debtor has separately filed an *Ex Parte* Application for Temporary Restraining Order and Relief Pursuant to Sections 1519 and 105(A) of the Bankruptcy Code.

8

    g. such other and further relief as is appropriate under the circumstances pursuant to Bankruptcy Code §§ 105(a) and 1507.

29.    To the extent the relief requested herein exceeds the relief available to the Debtor pursuant to Bankruptcy Code § 1520, the Debtor requests this relief pursuant to Bankruptcy Code §§ 1507 and 1521(a)(1) and (2).

30.    In the event the Court determines the Canadian Proceeding is not a foreign main proceeding, the Debtor requests that the Court nevertheless grant the relief requested above pursuant to Bankruptcy Code §§ 1507 and 1521.

## BASIS FOR RELIEF

31.    For the reasons set forth herein and in the supporting Memorandum of Law filed herewith, the Canadian Proceeding is entitled to recognition under Bankruptcy Code § 1517 because:

    a. it is a (i) foreign proceeding within the meaning of Bankruptcy Code § 101(23); and (ii) a foreign main proceeding within the meaning of Bankruptcy Code § 1502(4), because the Canadian Proceeding is pending in the country where the Debtor has the center of its main interests;

    b. the Debtor is a foreign representative within the meaning of Bankruptcy Code § 101(24); and

    c. the Verified Petition meets the requirements of Bankruptcy Code § 1515.

32.    The relief requested herein is also consistent with the goals of Chapter 15 of the Bankruptcy Code.  The Debtor submits that granting the relief requested herein will aid the Canadian Proceeding and will best assure an opportunity for the Debtor to: (a) conduct an orderly sale of its assets under the supervision of the OSB and with the assistance of MNP; and (b) otherwise maximize the value of the Debtor's estate for the benefit of all creditors and other parties in interest.  These goals are aligned with the objectives of Chapter 15 of the Bankruptcy Code.  See 11 U.S.C. § 1501(a)(3).

9

33.    Moreover, recognizing the Canadian Proceeding would not be "manifestly contrary" to United States public policy, as prohibited by Bankruptcy Code § 1506. In fact, granting recognition of the Canadian Proceeding will promote the public policy of the United States in respecting foreign proceedings as articulated in, among other sections, Bankruptcy Code §§ 1501(a) and 1508.

34.    Accordingly, the conditions for mandatory recognition of the Debtor as foreign representative and the Canadian Proceeding under Bankruptcy Code § 1517 have been satisfied.

## NOTICE

35.    Notice of this Verified Petition will be provided to all parties listed on Exhibit C to the Notice Application filed herewith.

## NO PRIOR REQUEST

36.    The Debtor has not previously sought the relief requested herein from this or any other court.

## CONCLUSION

WHEREFORE, the Debtor, in its capacity as debtor and foreign representative, respectfully requests that the Court: (a) grant the relief requested in the Verified Petition and enter an order in the form attached hereto as **Exhibit F**; and (b) grant such other and further relief as this Court deems just and proper.

Dated: April 20, 2020
        Glastonbury, Connecticut                    NATALE & WOLINETZ


                                    BY:  ___/s/ Peter K. Rydel_____
                                    PETER K. RYDEL
                                    116 Oak Street
                                    Glastonbury, CT  06033
                                    Telephone:  860-430-1802
                                    prydel@natalelawfirm.com

                                    *Attorneys for Ferrex Engineering Ltd.*
                                    *In its Capacity as Debtor and*
                                    *Foreign Representative*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

In re:                                                    Chapter 15

FERREX ENGINEERING LTD.                      Case No.: 20-

    Debtor in a Foreign Proceeding.

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I, Tom Clarkson, hereby declare under penalty of perjury:

I am the president of Ferrex Engineering Ltd. in its capacity as the Debtor and foreign representative in this Chapter 15 Case. I have full authority to verify this Petition on behalf of the Debtor.

I have read the foregoing Verified Petition, and I believe that the factual allegations contained therein are true and accurate to the best of my knowledge, information and belief.

Executed this 17th day of April 2020.

                           **AND I HAVE SIGNED**

                           Tom Clarkson

12